UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SALCIDO, | No. 2:21-cv-2290 DB P |
| Plaintiff, | |
| v. | ORDER |
| M. DI TOMAS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner who has filed a complaint under 42 U.S.C. § 1983. Plaintiff has not, however, paid the filing fee or a motion to proceed in forma pauperis. In order to commence an action, plaintiff must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis.[1] See 28 U.S.C. §§1914(a), 1915(a).

Plaintiff has also filed two "emergency" motions for a temporary restraining order. Plaintiff alleges the following. He has Hepatitis C and cirrhosis of the liver. In August 2021, he was taken to the emergency room for a related medical problem. At that time, doctors told his sister to prepare for a funeral. During an unspecified two-week period, he and his family were told he would die if he did not receive a liver transplant.

////

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.

1

Plaintiff further contends that the only doctor to have physically examined him since then determined that he requires a liver transplant. He claims defendants then "doctor shopped" to find a doctor who would disagree with that conclusion. Late in September, he had a video visit with Dr. Lin who determined plaintiff was not a candidate for a transplant.

Plaintiff attaches two exhibits to his first motion. The first is a report from Dr. Nevitt, a radiologist at Marin Health Medical Center, who examined plaintiff on September 13, 2021. While plaintiff contends Dr. Nevitt found that plaintiff requires a liver transplant, his report does not support that contention. Dr. Nevitt concluded that he would "defer to CPMC[2]" regarding plaintiff's medical care given their "considerably higher experience with cirrhotic liver transplant" and due to the fact plaintiff had "established care at CPMC."

The second exhibit is a report from Dr. Lin, a gastroenterologist, following a telemedicine consultation with plaintiff on September 30, 2021. The purpose of the consultation was a liver transplant. After what appears to be a thorough review of plaintiff's medical records, Dr. Lin determined that "OLT[3]" is not indicated at this time. He recommended a follow-up visit in three to four months.

Plaintiff asks the court to order the California Department of Corrections and Rehabilitation to provide plaintiff with a liver transplant or to appoint an impartial "liver transplant expert" to ensure constitutionally adequate medical treatment.

Whether or not the court may grant plaintiff a temporary restraining order prior to plaintiff's submission of the filing fee or a motion to proceed in forma pauperis, plaintiff fails to meet the standard for such relief. The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Dr. Nevitt's report does not conclude that plaintiff requires a liver transplant. Rather, Dr. Nevitt defers to plaintiff's established care

---

[2] Based on references in the medical records provided, CPMC appears to refer to California Pacific Medical Center.

[3] "OLT" is an abbreviation for "Orthotopic liver transplantation."
https://my.clevelandclinic.org/departments/digestive/medical-professionals/hepatology/post-liver-transplantation-management

provider.  Even if Dr. Nevitt did conclude plaintiff requires a transplant, there is no indication Dr. Nevitt felt that plaintiff required an immediate transplant.  Further, Dr. Lin determined in late September that plaintiff was not a liver transplant candidate at that time.  Based on plaintiff's failure to make the required showing for the extraordinary relief of a temporary restraining order, this court will deny that request without prejudice to its renewal after plaintiff submits the filing fee or a motion to proceed in forma pauperis.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Within thirty days of the filed date of this order, plaintiff shall either pay the appropriate filing fee to proceed with this action or move to proceed in forma pauperis on the form included with this order.

2. Plaintiff's motions for emergency injunctive relief (ECF Nos. 2 and 4) are denied without prejudice to their renewal after plaintiff submits the filing fee or files a motion to proceed in forma pauperis.

3. The Clerk of the Court is directed to provide plaintiff with a copy of the court's form for a motion to proceed in forma pauperis along with the copy of this order.

Dated:  December 29, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/salc2290.ifp&tro